SMITH v. UNDERWOOD

[113 N.C. App. 45 (1993)]

————————————

ADA T. SMITH; ADA KELLY SMITH HINES AND HUSBAND, LOVIT HINES; DARIA ELIZABETH HINES GOLD AND HUSBAND, BRUCE GOLD; LOVIT HINES, JR. AND WIFE, MARGARET HINES; KELLY HINES BLAU AND HUSBAND, ANDREW J. BLAU; STEPHANIE BLAU BUONOPANE AND HUSBAND, ROB BUONOPANE; ERIC ANDREW BLAU (UNMARRIED); CHRISTOPHER LOVIT BLAU (UNMARRIED); JANE ELIZABETH SMITH YEARGAN (WIDOW); SANDRA MAY CRESSWELL YEARGAN (WIDOW); JULIA ANNE YEARGAN (UNMARRIED); KEITH YEARGAN AND WIFE, MARY STUART YEARGAN; KEANE YEARGAN AND WIFE, CYNTHIA YEARGAN; MARIE SMITH WALLACE (DIVORCED); MARIE ANNE WALLACE LAW AND HUSBAND, JERRY LAW; DEBORAH KRISTINE LAW EVERETT AND HUSBAND, RAYMOND EVERETT; MARVIN SIMEON HONEYCUTT AND WIFE, DONNA JOHNSON HONEYCUTT; SUE WORTHINGTON SMITH (WIDOW); BONNY SUE SMITH (UNMARRIED); JAMES THOMAS SMITH AND WIFE, DOROTHY COBB SMITH; WILLIAM RUSSEL SMITH AND WIFE, DR. CAROL ADAMS; FRANCES HOWARD SMITH; ALFRED LEWIS SMITH AND WIFE, JEAN NEWKIRK SMITH; JOSEF-ANN SMITH (DIVORCED); JOAL NEWKIRK SMITH AND WIFE, BRENDA SMITH; KELLY SMITH LEWIS AND HUSBAND, KIRBY LEWIS; SCOTTY LEVON SMITH (DIVORCED), PETITIONERS v. SAM B. UNDERWOOD, JR.; SANDRA LEE HONEYCUTT (DIVORCED); KENNETH

SMITH v. UNDERWOOD

[113 N.C. App. 45 (1993)]

BRIAN GOLD, BY AND THROUGH HIS GUARDIAN AD LITEM, CHARLES HARDEE; DARIAN BRUCE GOLD, BY AND THROUGH HIS GUARDIAN AD LITEM, CHARLES HARDEE; CAITLIN ELIZABETH HINES, BY AND THROUGH HER GUARDIAN AD LITEM, CHARLES HARDEE; SHARON LEIGH YEARGAN, BY AND THROUGH HER GUARDIAN AD LITEM, CHARLES HARDEE; DAVID ALLEN YEARGAN, BY AND THROUGH HIS GUARDIAN AD LITEM, CHARLES HARDEE; SARAH ELIZABETH YEARGAN, BY AND THROUGH HER GUARDIAN AD LITEM, CHARLES HARDEE; HEATHER CHIVON YEARGAN, BY AND THROUGH HER GUARDIAN AD LITEM, CHARLES HARDEE; SUSAN TIFFANY WALLACE LAW, BY AND THROUGH HER GUARDIAN AD LITEM, CHARLES HARDEE; SARA ANNE LAW, BY AND THROUGH HER GUARDIAN AD LITEM, CHARLES HARDEE; SAMANTHA DAWN HONEYCUTT, BY AND THROUGH HER GUARDIAN AD LITEM, CHARLES HARDEE; LEAH MARIE SMITH, BY AND THROUGH HER GUARDIAN AD LITEM, CHARLES HARDEE; AND UNBORN AND/OR UNKNOWN HEIRS OF W. H. SMITH, BY AND THROUGH THEIR GUARDIAN AD LITEM, CHARLES HARDEE, RESPONDENTS

No. 923SC369

(Filed 21 December 1993)

1. **Evidence and Witnesses § 866 (NCI4th)— petition for removal of trustee—conversations with clerk of court—explanation of subsequent conduct—admissible**

   The trial court did not err in an action for removal of a co-trustee when it allowed into evidence testimony regarding an oral understanding between respondent and two deceased clerks of court. Respondent stated that he had not filed any accountings in his thirty-seven years as co-trustee as a result of discussions with the two deceased clerks, who had told him that it was not necessary for him to file an accounting. Respondent did not use the deceaseds' comments for the truth of the matter asserted, but to explain his subsequent conduct. N.C.G.S. § 8C-1, Rule 801(c).

   **Am Jur 2d, Evidence § 497 et seq.**

2. **Evidence and Witnesses § 2695 (NCI4th)— action to remove trustee—testimony between deceased clerks and trustee—Dead Man's Statute—not applicable**

   The Dead Man's Statute, N.C.G.S. § 8C-1, Rule 601(c), was not applicable in an action to remove a co-trustee where respondent introduced evidence that he had not filed accountings as a result of conversations with two deceased clerks of court. Respondent was not attempting to introduce the oral

SMITH v. UNDERWOOD

[113 N.C. App. 45 (1993)]

communications between himself and the deceased in his own behalf against any party in an action representing the deceased.

Am Jur 2d, Witnesses § 303 et seq.

3. **Evidence and Witnesses § 82 (NCI4th)— action to replace trustee—evidence of trustee's conversations with clerks of court—relevant**

Statements by respondent in an action to replace him as co-trustee were relevant where they aided the court in understanding the co-trustee's conduct concerning his failure to file accountings and to obtain approval for communications, which was at issue in this case. N.C.G.S. § 8C-1, Rule 401.

Am Jur 2d, Evidence §§ 251, 252.

4. **Trusts § 11 (NCI3d)— action to remove trustee—findings—review**

Under N.C.G.S. § 36A-28, the Court of Appeals was unable to review whether the record contained sufficient evidence to support the trial court's findings of fact in an action to remove a co-trustee.

Am Jur 2d, Trusts §§ 257-259.

5. **Trusts § 11 (NCI3d)— action for removal of co-trustee—conclusion that respondent continues to be suitable—abuse of discretion**

There was a clear abuse of discretion by the trial court in retaining respondent as a co-trustee where the court found that respondent never filed an accounting of the trust; the clerk of superior court never approved the commissions paid to the co-trustees; respondent was not cooperative with the co-trustee in allowing the examination of the documents and records of the trust; and trust matters were confused and commingled with other corporate matters. N.C.G.S. § 36A-35.

Am Jur 2d, Trusts §§ 257-259.

Judge JOHN dissenting.

Appeal by petitioners from orders entered 27 January 1992 and 10 February 1992 by Judge Darius B. Herring, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 11 March 1993.

SMITH v. UNDERWOOD

[113 N.C. App. 45 (1993)]

Petitioners filed a petition for removal of a co-trustee on 30 October 1991 along with applications and orders appointing Guardian Ad Litems for minor children and any unborn and/or unknown beneficiaries. Petitioners also sought reimbursement for attorney's fees, costs and expenses. Respondent, Sam B. Underwood, filed a timely answer on 15 November 1991, seeking dismissal of the petition and reimbursement for attorney's fees, costs and expenses. No answer was filed by respondents, Charles Hardee, Guardian Ad Litem or Sandra Honeycutt. A hearing was held before Clerk of Court Sandra A. Gaskins in Pitt County Superior Court on 12 December 1991. The petition to remove the co-trustee was denied.

Notice of appeal to the Pitt County Superior Court was filed by petitioners on 27 December 1991 along with a civil action against respondent and others, seeking damages, and injunctive relief in the form of an accounting and access to trust documents. Petitioners filed a supplemental petition to remove a co-trustee and a motion for preliminary injunction on 7 January 1992. Petitioners' motion for preliminary injunction was consolidated with the appeal of the petition on 2 January 1992 by Judge David E. Reid, Jr. and both matters were continued until 16 January 1992. A hearing was held on 16 and 17 January 1992 and judgment was entered by Judge Darius B. Herring, Jr. affirming and modifying the Clerk's order. Judge Herring denied the motion for preliminary injunction and ordered *ex mero motu* that Underwood provide formal accounting for both trusts and that he make all documents available to his co-trustee. Judge Herring reserved the issue of attorney's fees for determination at a future date and upon separate application of the parties allowed attorney's fees, expenses and costs to both petitioners and respondent to be paid from W. H. Smith Trust Fund and the Ada T. Smith Trust Fund.

Petitioners filed a timely notice of appeal appealing the orders entered by Judge Herring denying the petition to remove and awarding respondent attorney's fees, expenses and costs. Respondent also filed a timely notice of appeal from the order of Judge Herring awarding petitioners attorney's fees, expenses and costs.

*Bass, Bryant, Deese & Moore, by William E. Moore, Jr. and John Walter Bryant, for petitioners-appellants.*

*Ward and Smith, P.A., by Louise W. Flanagan, A. Charles Ellis, and Ryal W. Tayloe, for respondent-appellee, Sam Underwood.*

SMITH v. UNDERWOOD

[113 N.C. App. 45 (1993)]

JOHNSON, Judge.

The facts pertinent to this appeal are as follows: Mr. W. H. Smith died testate in Pitt County on 9 June 1954. His Last Will and Testament provided that two trusts be created, one for the benefit of his wife, the Ada T. Smith Trust, and one for the benefit of his children and their descendants, the W. H. Smith Trust. Both trusts terminate at the death of Ada T. Smith. Sam B. Underwood, Jr., respondent, and Robert Lee Smith, Mr. W. H. Smith's oldest son, were appointed co-trustees of both trusts under the Will.

The maintenance of the trusts was uneventful until 1983 when Mr. Underwood advised Mrs. Ada Smith to begin making annual gifts of her trust property in an amount less than $10,000.00 to each of her children. Mr. Underwood then suggested to the heirs and Mrs. Ada Smith that the Smith Heirs Corporation be formed so that land from the trusts could be conveyed into the corporation. In 1985, Mr. Underwood suggested the formation of another corporation, the Smith Corporation, which was to have been a "Subchapter S" Corporation pursuant to IRS Regulations. This new "S" Corporation could receive and disperse trust property consisting of land formerly owned by Mr. W. H. Smith.

In December 1988, Mr. Underwood called a meeting of the beneficiaries of the two trusts and the corporate shareholders of both the Smith Corporation and the Smith Heirs Corporation, most of whom share an interest in each entity, to inform them that he had sold the land known as the Warren-Tucker Subdivision. The Warren-Tucker Subdivision, formerly trust property, was at the time owned by the two corporations and the W. H. Smith Trust. Mr. Underwood did not discuss negotiations regarding the sale of the land with the co-trustee; however, the co-trustee did sign the deed at the close of the transaction.

The land was sold for $2,350,000.00, and Mr. Underwood received a commission in the amount of $72,650.00 for arranging the sale of the land. His co-trustee did not share in the commission. Although the agreement prepared by Mr. Underwood, in which he designated himself as trustee, referenced a commission fee in the amount of .0025 from each payment collected by Mr. Underwood, Mr. Underwood did not collect that commission.

Annually, Mr. Underwood sent a letter to the beneficiaries which represented an accounting of the W. H. Smith and the Ada

T. Smith Trust Funds. The letter basically stated the amount of the check that came from each trust fund and the amount that was taxable. A K-1 tax form was sent along with the letter. Although an "accounting" was provided by Mr. Underwood to the beneficiaries, he did not provide an accounting to the clerk of court because the clerk of court, at the time of Mr. W. H. Smith's death, informed him that he did not have to file an accounting. Mr. Underwood also never obtained approval from the clerk of court for his co-trustee commission fees as set out in the Will of W. H. Smith.

In 1991, the heirs/shareholders started to become dissatisfied with Mr. Underwood's services when they received a check for 1990 disbursements in an amount that was considerably lower than normal. They confronted Mr. Underwood who explained that the decrease in the check amount was due to a tax problem. The heirs/shareholders became increasingly dissatisfied with Mr. Underwood when tax problems occurred with the Smith "S" Corporation. Mr. Underwood would not allow Tom Smith, the President of the Smith "S" Corporation, access to pertinent documents regarding the corporation.

On 26 July 1991, the heirs/shareholders sent Mr. Underwood a letter firing him in all capacities, requesting that he resign as co-trustee immediately and again requesting that he release pertinent documents to Tom Smith. Respondent received the letter but refused to resign. Petitioners brought this action.

Petitioners' Assignments of Error

[1] By petitioners' first assignment of error, petitioners contend that the trial court erred when it allowed into evidence testimony regarding an oral understanding between respondent and two deceased clerks of court. More specifically, petitioners argue that findings of fact 21 and 25 are based on the aforementioned testimonial evidence that is inadmissible hearsay, violative of North Carolina General Statutes § 8C-1, Rule 601(c) (1992) and irrelevant to the issues in this case. We disagree.

We turn to petitioners' first contention that the testimony was violative of the hearsay rule. "Hearsay is a statement, other than one made by the declarant while testifying at a trial or a hearing, offered in evidence to prove the truth of the matter asserted." North Carolina General Statutes § 8C-1, Rule 801(c) (1992). When evidence of such statements by one other than the witness

testifying is offered for a proper purpose other than to prove the truth of the matter asserted, it is not hearsay and is admissible. "Specifically, statements of one person to another are admissible to explain the subsequent conduct of the person to whom the statement was made." *State v. Coffey*, 326 N.C. 268, 282, 389 S.E.2d 48, 56 (1990).

In the instant case, Mr. Underwood testified that he discussed filing an accounting with two deceased clerks of court and both told him that it was not necessary for him to file an accounting. As a result, Mr. Underwood stated that he had not filed any accountings in his thirty-seven years as co-trustee. We find from the evidence that respondent did not use the deceaseds' comments for the truth of the matter asserted. Instead, he used their statements to explain his subsequent conduct. Therefore, we find no merit in petitioners' argument.

[2] Petitioners also argue that the deceaseds' statements should not have been allowed into evidence because admission of the statements were violative of the North Carolina General Statutes § 8C-1, Rule 601(c) which states in pertinent part:

Upon the trial of an action, or hearing upon the merits of a special proceeding, a party or a person interested in the event, . . . shall not be examined as a witness in his own behalf or interest, . . . against the executor, administrator or survivor of a deceased person, . . . concerning any oral communication between the witness and the deceased person[.]

This statute is not applicable in the instant case because respondent is not attempting to introduce the oral communications between himself and the deceased in his own behalf against any party in an action representing the deceased. As such, this argument is meritless.

[3] Petitioners further argue that the statements made by respondent were irrelevant. The test for relevancy is whether the evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable. North Carolina General Statutes § 8C-1, Rule 401 (1992). We find respondent's statements were relevant because they aided the court in understanding the co-trustee's conduct concerning his failure to file accountings and obtain approval for com-

munications, which is at issue in this case. We find no merit in petitioners' argument.

Having considered petitioners' arguments on the testimony of respondent and finding the trial court made no error in admitting the testimony, we determine that findings of fact numbers 21 and 25 were supported by substantial competent evidence. This assignment of error is overruled.

[4] By petitioners' second and third assignments of error, they contend that the record does not contain sufficient evidence to support finding of fact number 23, that the beneficiaries of the trust funds received annual accounting, and finding of fact number 33, that the trusts appeared to have been honestly and diligently maintained.

North Carolina General Statutes § 36A-28 (1991) governs the standard of review for findings of fact in trust cases. It provides:

> Upon an appeal taken from the clerk to the judge, the judge shall have the power to review the findings of fact made by the clerk and to find the facts or to take other evidence, but the facts found by the judge shall be final and conclusive upon appeal to the appellate division.

From a reading of the statute, we are without authority to review fact findings made by a trial judge in proceedings to remove a trustee. As such, we are bound by those facts and are unable to review whether the record contains sufficent evidence to support the trial court's findings of fact. Therefore, we overrule petitioners' assignments of error two and three.

[5] By petitioners' fourth assignment of error, petitioners contend that the trial court abused its discretion in retaining respondent as a co-trustee for testamentary trusts and in concluding that he is still suitable to continue as co-trustee.

North Carolina General Statutes § 36A-35 (1991) states in pertinent part:

> Any beneficiary, cotrustee or other person interested in the trust estate may file a petition in the office of the clerk of superior court of the county having jurisdiction over the administration of the trust for the removal of a trustee or cotrustee who fails to comply with the requirements of this Chapter or a court order, or who is otherwise unsuitable to continue

SMITH v. UNDERWOOD

[113 N.C. App. 45 (1993)]

in office. . . . Upon proper notice and hearing, the clerk may, in the exercise of his [/her] discretion, order the removal of the trustee or cotrustee and appoint a successor. . . .

On appeal from the decision of the clerk, the superior court judge is vested with the authority and discretion to remove or not remove the trustee. North Carolina General Statutes § 36A-27 (1991). When matters of law are left to the discretion of the trial judge, appellate review is limited to whether there was a clear abuse of discretion and the evidence before the trial court shows that the decision of the trial court could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

It was the trial court's conclusion that respondent "continues to be a suitable person to continue as Co-Trustee," and therefore, should not be removed from his position as co-trustee of W. H. Smith's testamentary trusts. In examining the trial court's findings of fact as well as the evidence, we find the decision of the trial court could not have been the result of a reasoned decision and as such, there was a clear abuse of discretion.

The following findings of fact made by the trial court compel the removal of respondent as co-trustee: finding of fact No. 21, the trial court found that respondent never filed an accounting of the trust; finding of fact No. 25, the trial court found the clerk of superior court never approved the commissions paid to the co-trustees; finding of fact No. 31, the trial court found that respondent has not been cooperative with the co-trustee in allowing the examination of the documents and records of the trust; and finding of fact No. 32, the trial court found that trust matters have been confused and commingled with other corporate matters. We find it is an abuse of discretion for the trial court to find these matters and then conclude, as a matter of law, that respondent should continue as a co-trustee.

Additionally, the evidence in the record tended to show that respondent violated North Carolina General Statutes § 36A-107 (1991) in failing to give an accounting to the clerk of court; that respondent failed to provide a proper accounting of the W. H. Smith and Ada Smith Trust Funds to the beneficiaries as mandated by the Will of W. H. Smith; that respondent failed to maintain the trust fund in an honest and diligent manner by commingling funds; and that respondent failed to obtain approval from the clerk

of court concerning co-trustee commissions as mandated by the Will of W. H. Smith.

We find the trial court's findings of fact and the evidence tend to show that the conclusion of the trial court that respondent "continues to be a suitable person as Co-Trustee" was not a reasoned decision and therefore, a clear abuse of discretion. Accordingly, respondent should be removed as co-trustee of the W. H. Smith Trust Fund and the Ada Smith Trust Fund.

By petitioners' fifth assignment of error, petitioners argue that the trial court erred in awarding attorney's fees to respondent.

North Carolina General Statutes § 6-31 (1986) states in pertinent part:

In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered as in an action by and against a person prosecuting or defending in his own right; but such costs shall be chargeable only upon or collected out of the estate, fund or party represented, unless the court directs the same to be paid by the plaintiff or defendant, personally for mismanagement or bad faith in such action or defense. . . .

As we have made a determination that respondent should be removed as co-trustee, we find the issue of attorney's fees should be remanded so that the lower court can make an award of attorney's fees consistent with our findings.

Because petitioners' sixth assignment of error and respondent's cross-appeal also pertain to the issue of attorney's fees and we have remanded that issue, we will not address those assignments of error.

We reverse the trial court's decision as to the issue of removal of the co-trustee and remand the issues of attorney's fees.

Judge COZORT concurs.

Judge JOHN dissents by separate opinion.

SMITH v. UNDERWOOD

[113 N.C. App. 45 (1993)]

Judge JOHN dissenting.

I respectfully dissent from the majority's ruling regarding removal of respondent Underwood as co-trustee, and vote to uphold the trial court's conclusion he "continues to be a suitable person to continue as Co-Trustee" as well as its consequent decision ("in its discretion") not to remove him.

The majority properly observes N.C. Gen. Stat. § 36A-28 (1991) provides "the facts found by the judge shall be final and conclusive" upon appeal to this Court. Despite this, the majority, "[i]n examining the trial court's findings of fact *as well as the evidence*," states it finds an abuse of discretion on the part of that court in concluding the eighty year old respondent herein "continues to be a suitable person to continue as Co-Trustee."

When on appeal it is contended a conclusion of law is not supported by facts found, we need only inquire whether the particular conclusion was *"proper in light of such facts." Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992) (citation omitted); *In re Norris*, 65 N.C. App. 269, 275, 310 S.E.2d 25, 29 (1983) (citation omitted), *disc. review denied*, 310 N.C. 744, 315 S.E.2d 703 (1984). In the case *sub judice*, the trial court, having heard the evidence and determined what weight to attach to it, as well as having observed the witnesses and their demeanor and assessed the weight and credibility of their testimony, made the following "conclusive" findings of fact:

11. The approximate value of the Ada T. Smith Trust in 1954 was One Hundred Thousand and No/100 Dollars ($100,000.00) to One Hundred Twenty-Five Thousand and No/100 Dollars ($125,000.00).

12. Each and every year since the inception of the Ada T. Smith Trust, income has been generated by the Trust . . . .

13. In 1969, Ada T. Smith began exercising the power . . . to have portions of the corpus of the Ada T. Smith Trust conveyed to her, free and discharged of the Trust as [follows: between 1969 and 1988, properties having a total value in excess of Seven Hundred and Five Thousand, Nine Hundred and Fifteen and No/100 Dollars ($705,915.00)].

14. The corpus of the Ada T. Smith Trust at the present time (Dec. 1991) consists of . . . two tracts of land, the value

. . . being approximately Three Hundred Fifty Thousand and No/100 Dollars ($350,000.00), and stocks valued at approximately Twenty-Five Thousand and No/100 Dollars ($25,000.00).

15. The Respondent, Sam B. Underwood, Jr., and [the Co-Trustee] . . . made the investment decisions with regard to the corpus of the Ada T. Smith Trust.

16. In 1954, at the inception of the W. H. Smith Trust, the corpus of the . . . Trust had a value of approximately One Hundred Forty-Thousand and No/100 Dollars ($140,000.00).

17. In each and every year since the inception of the W. H. Smith Trust, the said Trust has generated income for the beneficiaries thereof.

18. In 1990, the income of the W. H. Smith Trust was approximately Fifty Thousand and No/100 Dollars ($50,000.00).

19. At the present time (Dec. 1991), the W. H Smith Trust corpus consists of land, stocks, and notes payable, with a total value of approximately One Million and No/100 Dollars ($1,000,000.00).

20. The Respondent, Sam B. Underwood, Jr. and [the Co-Trustee] . . . made the investment decisions with regard to the corpus of the W. H. Smith Trust.

. . . .

23. Each and every year since the inception of the Ada T. Smith Trust and the W. H. Smith Trust, the beneficiaries of the trusts have received checks for their respective interests in the net income of the trusts and have been provided an accounting of the same. Further, the beneficiaries of the trusts have been provided a United States income tax Form K-1 showing their net trust income.

. . . .

33. [D]uring the existence of both of the aforesaid Trusts, . . . both . . . appeared to have been honestly and diligently maintained and operated.

In the "light of such facts," *Norris*, 65 N.C. App. 275, 310 S.E.2d at 29, I respectfully contend the trial court's conclusion of law respondent is a suitable person to remain in the position

SMITH v. UNDERWOOD

[113 N.C. App. 45 (1993)]

of co-trustee was proper and amply supported by its findings. We should not, at this stage, second-guess the court's reasoning and attempt to impose any differing opinion we may have; it was in a better position than we to assess co-trustee's honesty and diligence over the course of more than thirty years.

Furthermore, while the majority properly acknowledges removal of a trustee is a discretionary decision, I believe close reading of the *White* decision it cites indicates a result different from the majority's holding herein:

> A trial court may be reversed for abuse of discretion *only* upon a showing that its actions are *manifestly unsupported by reason*. A ruling committed to a trial court's discretion is to be accorded *great deference* and will be upset *only* upon a showing that it was so arbitrary that it *could not have been the result of a reasoned decision*.

*White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citation omitted) (emphasis added). Although the majority suggests the decision not to remove the co-trustee is "manifestly" irrational, I respectfully submit the trial court's "conclusive" findings, including that the trusts have rendered income to the beneficiaries each year and that the value of the corpus of each trust has increased substantially since 1954, demonstrate that the court's decision was neither irrational nor arbitrary, but rather resulted from a reasoned balancing of the competing facts found by the court.

According "great deference," *id.*, to the "conclusive" findings supporting the court's determination as well as to the discretionary decision to retain this co-trustee requires, I respectfully contend, the action of the trial court to be affirmed in this instance. I vote to do so with respect to the court's order in its entirety.