IN RE ESTATE OF NEWTON

[173 N.C. App. 530 (2005)]

━━━━━━━━━━━

IN THE MATTER OF THE ESTATE OF JERRY L. NEWTON, JR. DECEASED

PAUL JEFFREY NEWTON, ANNE NEWTON GRAHAM, AND JOSEPH WESLEY NEWTON, PETITIONERS v. JERRY LEWIS NEWTON, III, TRUSTEE IN RE: THE MATTER OF REBA BURTON NEWTON REVOCABLE TRUST AGREEMENT DATED THE 29TH DAY OF SEPTEMBER, 1992, RESPONDENT

PAUL JEFFREY NEWTON, ANNE NEWTON GRAHAM, AND JOSEPH WESLEY NEWTON, PETITIONERS v. JERRY LEWIS NEWTON, III, TRUSTEE IN RE: THE MATTER OF JERRY LEWIS NEWTON, JR. REVOCABLE TRUST AGREEMENT DATED THE 29TH DAY OF SEPTEMBER, 1992, RESPONDENT

No. COA04-1508

(Filed 4 October 2005)

**1. Appeal and Error— preservation of issues—failure to argue**

The assignments of error that respondent omitted in his brief are deemed abandoned pursuant to N.C. R. App. P. 28(b)(6).

IN RE ESTATE OF NEWTON

[173 N.C. App. 530 (2005)]

**2. Trusts— jurisdiction—removal of trustee—recusal of Clerk of Court**

The trial court did not err by exercising jurisdiction over the proceedings seeking to remove respondent as trustee of various trusts, because: (1) the Clerk of Court in the instant case had recused himself; and (2) the instant matter was limited only to those estate proceedings aimed at removing respondent as trustee. N.C.G.S. § 36A-23.1(a).

**3. Trusts— removal of trustee—designation as special proceedings—reclassification as estate matters—effectiveness of summonses**

Summonses served in proceedings seeking to remove respondent as trustee of inter vivos and testamentary trusts were not ineffectual because the proceedings were originally designated as special proceedings rather than estate matters and either the clerk or the trial court entered orders allowing reclassification of the files as estate matters, and petitioners were not required to re-serve respondent with "E"-captioned summonses, where one proceeding was properly filed and served as an estate matter prior to the effective date of N.C.G.S. § 36A-26.1, and respondent was not prejudiced in the other two proceedings by petitioners' initial failure to file the cases under an "E" caption or by the orders allowing reclassification of the files.

**4. Trusts— motion to continue—removal of trustee—applicability of Rules of Civil Procedure**

The trial court did not err in an action seeking the removal of respondent as trustee of various trusts by denying respondent's motion to continue the proceedings based on respondent's assertion that he was entitled to discovery as well as twenty days to prepare a responsive pleading following the denial of his motions to dismiss, because: (1) although our general statutes provide procedures allowing the removal of trustees, they do not expressly provide that the resulting hearings are governed by the Rules of Civil Procedure; (2) the trial court conducted the proceedings in a consistent and fair manner providing the parties with that amount of process due to them under general principles of law; and (3) there was no indication that respondent suffered any prejudice by the trial court's refusal to allow written discovery or a continuance to file a responsive pleading.

**5. Trusts— removal of trustee—abuse of discretion standard**

The trial court did not abuse its discretion by removing respondent as trustee of several trusts, because: (1) although respondent introduced several properly filed accountings and offered explanations for his decisions while serving as trustee, much of respondent's actions and inactions were beyond the bounds of reasonable judgment and uncharacteristic of a trustee demonstrating complete loyalty to the trust beneficiaries; and (2) respondent failed to exercise that type of unbridled loyalty due to the beneficiaries of the trusts based on his contempt for petitioners, and he has thereby prevented the distribution of the trusts' assets more than six years after their mother's death.

Appeal by respondent from orders entered 7 June 2004 and 10 June 2004 by Judge Michael E. Helms in Forsyth County Superior Court. Heard in the Court of Appeals 6 June 2005.

*Bailey & Thomas, P.A., by Wesley Bailey, for petitioner-appellee Paul Jeffrey Newton.*

*Bennett & Guthrie, P.L.L.C., by Richard V. Bennett, for petitioner-appellee Anne Newton Graham.*

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Maria C. Papoulias, for petitioner-appellee Joseph Wesley Newton.*

*Stephen E. Lawing for respondent-appellant Jerry Lewis Newton, III.*

TIMMONS-GOODSON, Judge.

Jerry Lewis Newton, III ("respondent") appeals the trial court orders removing him as trustee of certain trusts, denying his motions to continue and dismiss the proceedings, and allowing the reclassification and consolidation of the actions. For the reasons discussed herein, we affirm the trial court's orders.

The facts and procedural history pertinent to the instant appeal are as follows: On 29 September 1992, respondent's father, Jerry Lewis Newton, Jr. ("Jerry"), executed a revocable trust ("Jerry's *inter vivos* trust") naming respondent co-trustee upon Jerry's death. On the same date, respondent's mother, Reba Burton Newton ("Reba"), executed a revocable trust ("Reba's *inter vivos* trust") naming respondent co-trustee upon Reba's death. On 18 August 1993, Jerry died, leaving a will creating a third trust ("Jerry's testamentary trust") which named respondent co-trustee. Reba subsequently died on 5

September 1998. Upon Reba's death, respondent served as the sole trustee of the three trusts. The four beneficiaries of the trusts were respondent and his three siblings: Anne Newton Graham ("Anne"), Joseph Wesley Newton ("Joseph"), and Paul Jeffrey Newton ("Paul") (collectively, "petitioners").

On 31 March 2004, petitioners filed a motion in Forsyth County file number 04 SP 620, seeking to remove respondent as trustee of Reba's *inter vivos* trust. On that same date, petitioners filed a motion in Forsyth County file number 04 SP 621, seeking to remove respondent as trustee of Jerry's *inter vivos* trust. Anne and Paul had previously filed a motion in Forsyth County file number 97 SP 576, seeking to remove respondent, Reba, and Joseph as co-trustees of Jerry's testamentary trust.

On 16 April 2004, respondent filed motions to dismiss the petitions in file numbers 04 SP 620 and 04 SP 621. On 21 April 2004 and 22 April 2004, the Forsyth County Clerk of Superior Court ("the Clerk") filed separate orders in each file number, disqualifying himself from ruling on the motions to remove respondent as trustee. In support of his disqualification, the Clerk cited respondent's prior request that the Public Administrator of Jerry and Reba's estates prosecute the Clerk for various statutory violations. On 6 May 2004, petitioners filed a motion to consolidate the three file numbers for hearing and a motion for a protective order to prohibit respondent from pursuing discovery in the matters. On 14 May 2004, petitioners filed a motion to reclassify file numbers 04 SP 620 and 04 SP 621 as file numbers 04 E 620 and 04 E 621, respectively.

In May and June 2004, the trial court held a hearing to determine all issues before it. After receiving testimony and argument from both parties, the trial court denied respondent's motions to dismiss the petitions and granted petitioners' motions to reclassify the file numbers and consolidate the cases. The trial court also ruled upon the petition to remove respondent as trustee of the trusts, concluding in pertinent part as follows:

> 2. That the stated contempt and deep hostility which [respondent] holds for [petitioners] who are also his sister and brothers, makes it impossible for [respondent] to exercise that degree of unbridled loyalty to the beneficiaries of [the] trusts which is required of [respondent] by the laws of the State of North Carolina, including North Carolina General Statutes Section 36A-165.

3. That [respondent], the sole and acting Trustee under the Trusts, did violate his fiduciary duty through default and misconduct in the execution of his office as Trustee of said Trusts in violation of the laws of the State of North Carolina, in failing to carry out the terms of the Trusts by refusing to distribute the assets of [Jerry's testamentary trust] and [Jerry's *inter vivos* trust], and by failing to distribute the assets on deposit in [Reba's *inter vivos* trust], by reason of self-interest and his animosity towards the remainder beneficiaries.

Based upon these conclusions of law, the trial court thereafter ordered that respondent be removed from serving as trustee of the three trusts. Respondent appeals.

[1] We note initially that respondent's brief does not contain arguments supporting each of his original assignments of error on appeal. Pursuant to N.C.R. App. P. 28(b)(6) (2005), the omitted assignments of error are deemed abandoned. Therefore, we limit our present review to those issues properly preserved by respondent for appeal.

The issues on appeal are whether the trial court erred by: (I) exercising jurisdiction over the proceedings; (II) denying respondent's motions to dismiss; (III) denying respondent's motions to continue the proceedings; and (IV) entering the order removing respondent as trustee.

[2] Respondent first argues that the trial court erred by exercising jurisdiction over the proceedings. Respondent asserts that the consolidated proceedings should have been heard as civil actions rather than estate actions, and that the trial court erred by entering various orders in the matter. We disagree.

N.C. Gen. Stat. § 7A-104(a1) (2003) provides that "[t]he clerk may disqualify himself in a proceeding in circumstances justifying disqualification or recusement by a judge." Following such a disqualification, N.C. Gen. Stat. § 7A-104(b) provides that any party in interest may thereafter request that the trial court make "all necessary orders and judgments in any proceeding in which the clerk is disqualified[.]"

In the instant case, following petitioners' request to remove respondent as trustee, the Clerk recused himself from the case, stating that any ruling by him in the action "would be subject to the inter-

pretation of having been influenced by [a] pending matter in the Declaratory Judgment action relating to the request for prosecution of the Clerk" by respondent. Petitioners thereafter filed a N.C. Gen. Stat. § 7A-104(b) motion, which the trial court subsequently allowed. On appeal, respondent contends that the trial court was without jurisdiction to hear or enter orders regarding his removal as trustee because the matter "is an action for breach of fiduciary duty, negligence, and fraud[.]" However, respondent's contention ignores the plain language of petitioners' pleadings as well as our state's general statutes.

N.C. Gen. Stat. § 36A-23.1(a) (2003) defines the jurisdictional reach of the clerks of our superior courts. Notwithstanding exceptions inapplicable to this case, N.C. Gen. Stat. § 36A-23.1(a) grants the clerks exclusive jurisdiction "over all proceedings initiated by interested persons concerning the internal affairs of trusts," including "those concerning the administration and distribution of trusts, the declaration of rights, and the determination of other matters involving trustees and trust beneficiaries[.]" Specifically included in the list of such proceedings are those hearings "[t]o appoint or remove a trustee[.]" N.C. Gen. Stat. § 36A-23.1(a)(1).

In the instant case, although petitioners' filings detail various acts of alleged fraud, negligence, and breach of fiduciary duty, the filings only request the issuance of an order removing respondent as trustee of the three separate trusts. It is clear the petitions were not filed in an effort to recover damages or to commence a civil action against respondent. Instead, petitioners' efforts to recover damages from respondent were limited to 02 CVS 1091, a case properly filed against respondent in civil court. Therefore, as the Clerk in the instant case had recused himself, we conclude that the trial court did not err by exercising jurisdiction over the matter or entering orders regarding the removal of respondent as trustee. Furthermore, because the instant matter was limited only to those estate proceedings aimed at removing respondent as trustee, we conclude that the trial court did not err by denying respondent's motion to join the instant matter with 02 CVS 1091. Accordingly, we overrule respondent's first argument.

[3] Respondent next argues that the trial court erred by denying his motions to dismiss. Respondent asserts that service regarding the individual cases was improper, and that therefore the matter should have been dismissed. We disagree.

**IN RE ESTATE OF NEWTON**

[173 N.C. App. 530 (2005)]

N.C. Gen. Stat. § 36A-26.1 (2003)[1] provides in pertinent part as follows:

Proceedings under G.S. 36A-23.1 are initiated by filing a petition in the office of the clerk of superior court. Upon the filing of the petition, the clerk shall docket the cause as an estate matter. All trustees and interested persons not joined as petitioners shall be joined as respondents. The clerk shall issue the summons for the respondents. . . . The summons shall notify the respondents to appear and answer the petition within 10 days after its service upon the respondents. The summons shall comply with the requirements set forth in G.S. 1-394 for a special proceeding summons except that the clerk shall indicate on the summons by appropriate words that the summons is issued in an estate matter and not in a special proceeding or in a civil action.

In the instant case, a special proceedings summons was issued in file number 97 SP 576 and served upon respondent on 11 August 1997. Two additional special proceedings summons were issued in file numbers 04 SP 620 and 04 SP 621 and served upon respondent on 7 April 2004. On 20 April 2004, prior to his disqualification from the matter, the Clerk filed two separate orders reclassifying 04 SP 620 and 04 SP 621 as 04 E 620 and 04 E 621, respectively. On 10 June 2004, the trial court entered an order allowing "petitioners to classify [97 SP 576] as an estate matter and amend the 'SP' caption . . . ."

On appeal, respondent contends that because the proceedings were originally docketed as special proceedings rather than estate matters, the process served upon him did not comply with N.C. Gen. Stat. § 36A-26.1 and was thus ineffectual. However, we decline to read N.C. Gen. Stat. § 36A-26.1 so broadly. Instead, we conclude that where, as with 97 E 576, an estate matter was properly filed and served prior to the effective date of current N.C. Gen. Stat. § 36A-26.1, the petitioner is not required to thereafter re-serve the respondent with an "E"-captioned summons.

As to 04 E 620 and 04 E 621, we note that although respondent contested the effectiveness of the service of these cases at the hearing, respondent managed to file, *inter alia*, a set of interrogatories and a request for production of documents, as well as motions seeking the dismissal and continuance of the actions. In one motion to continue, respondent alleged that he was "served herein on April 7,

---

1. N.C. Gen. Stat. § 36A-26.1 was amended by Session Laws 2003-261, s. 3. The amended version is applicable to all trusts created before or after 1 January 2004.

**IN RE ESTATE OF NEWTON**

[173 N.C. App. 530 (2005)]

2004" and had "filed and served a Motion to Dismiss . . . this action pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure . . . ." In light of the foregoing, we are not convinced that respondent suffered any prejudice as a result of either petitioners' initial failure to file the cases under an "E" caption or the Clerk and trial court's subsequent orders allowing the reclassification of the files. Accordingly, we overrule respondent's second argument.

[4] Respondent next argues that the trial court erred by denying his motions to continue the proceedings. Respondent asserts that the Rules of Civil Procedure apply to estate proceedings and thus he was entitled to discovery as well as twenty days to prepare a responsive pleading following the denial of his motions to dismiss. We disagree.

Although our general statutes provide procedures allowing the removal of trustees, they do not expressly provide that the resulting hearings are governed by the Rules of Civil Procedure. Rule 1 of the Rules of Civil Procedure provides in pertinent part as follows:

> These rules shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute.

N.C. Gen. Stat. § 1A-1, Rule 1 (2003). Similarly, N.C. Gen. Stat. § 1-393 (2003) provides that "[t]he Rules of Civil Procedure and the provisions of this Chapter on Civil Procedure are applicable to special proceedings, except as otherwise provided."

While respondent would have us conclude that any estate matter is subject to the Rules of Civil Procedure by virtue of its nature and similarity to a special proceeding, we note that, as detailed above, trustee removal proceedings are held "in an estate matter and *not in a special proceeding or in a civil action.*" N.C. Gen. Stat. § 36A-26.1 (emphasis added). Although Chapter 36A does not expressly or "otherwise" prescribe "differing [rules of] procedure," we are not persuaded that, in addition to the duties already placed upon them, clerks of court must also make decisions regarding discovery and other issues of law arising during estate matters. Instead, we conclude that the clerks of our superior courts hear the matters before them summarily, and are responsible for determining questions of fact rather than providing judgment in favor of one party or the other. Thus, where a clerk of superior court is presented with a petition to remove a trustee, the clerk examines the affidavits and evidence of

the parties and determines only whether the trustee is qualified or fit to faithfully discharge his or her duties. The process due to the parties during such a determination, having not been expressly prescribed by statute, is only that which is reasonable when applying general principles of law. *See Edwards v. Cobb*, 95 N.C. 5, 12 (1886) ("The statute conferring power on the Clerk to remove executors and administrators, does not prescribe in terms how the facts in such matters shall be ascertained, but it plainly implies that he shall act promptly and summarily. Applying general principles of law, the method of procedure we have above indicated, or one substantially like it, is the proper one.").

In the instant case, after careful review of the record, we conclude that the trial court conducted the proceedings in a consistent and fair manner, thereby providing the parties with that amount of process due to them under general principles of law. The trial court allowed extensive presentation of evidence and argument from both parties, allowing each side to introduce necessary exhibits and cross-examine opposing witnesses. The proceedings lasted six days, and took place over a period of three weeks. In light of the foregoing, there is no indication that respondent suffered any prejudice by the trial court's refusal to allow written discovery or a continuance to file a responsive pleading. Accordingly, respondent's third argument is overruled.

**[5]** Respondent's final argument is that the trial court erred by entering the order removing him as trustee. In his corresponding assignments of error, respondent makes several assertions in support of this argument, including that he "rendered to [p]etitioners the annual accountings of [Jerry's testamentary trust] each year in compliance with requirements of the Will," that he "performed the powers and duties and complied in all respects with the express terms and limitations set forth in the Trusts," and that he "acted honestly in a reasonable, open, fair, and honest manner" in following the provisions of the trusts.[2] In his brief, respondent also asserts that he "did not, and does not, object to a distribution to [the] beneficiaries, of which he is one, or to his removal[.]" Despite the inconsistencies inherent in

---

2. Respondent also contends that the trial court erred by entering the order because "[t]his proceeding is time barred by N.C.G.S. § 1-52, the statute of limitations of 3 years." However, we note that respondent failed to proffer such a contention at the hearing, and on appeal, respondent has failed to indicate which provision of N.C. Gen. Stat. § 1-52, a statute relevant to civil actions, applies to this trustee removal action. Accordingly, we conclude that respondent has waived his right to assert this issue on appeal.

these assertions, we have reviewed respondent's argument and, as detailed below, we conclude that the trial court did not err.

This Court has previously stated that "[t]rust beneficiaries may expect and demand the trustee's complete loyalty in the administration of any trust. Should there be any self-interest on the trustee's part in the administration of the trust which would interfere with this duty of complete loyalty, a beneficiary may seek the trustee's removal." *In re Trust Under Will of Jacobs*, 91 N.C. App. 138, 143, 370 S.E.2d 860, 864 (citing *Trust Co. v. Johnston*, 269 N.C. 701, 153 S.E.2d 449 (1967)), *disc. review denied*, 323 N.C. 476, 373 S.E.2d 863 (1988).

> The court will always compel the trustee to exercise a mandatory power. It is otherwise, however, with respect to a discretionary power. The court will not undertake to control the trustee with respect to the exercise of a discretionary power, except to prevent an abuse by him of his discretion. The trustee abuses his discretion in exercising or failing to exercise a discretionary power if he acts dishonestly, or if he acts with an improper even though not a dishonest motive, or if he fails to use his judgment, or if he acts beyond the bounds of a reasonable judgment.

*Woodard v. Mordecai*, 234 N.C. 463, 471, 67 S.E.2d 639, 644 (1951) (citations omitted). As the removal of a trustee is left to the discretion of the clerks of superior court, or in this case, the trial court, our review is limited to determining whether the trial court abused its discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Under this standard, we accord "great deference" to the trial court, and its ruling may be reversed only upon a showing that its action was "manifestly unsupported by reason" or "so arbitrary that it could not have been the result of a reasoned decision." *Id.*

In the instant case, the trial court based its order removing respondent as trustee upon its conclusions that "the . . . contempt and deep hostility which [respondent] holds for three of the beneficiaries of the three Trusts . . . makes it impossible for him to exercise that degree of unbridled loyalty to the beneficiaries" required by our law, and that respondent's "self-interest and . . . animosity towards the remainder beneficiaries" led to his "refus[al] to distribute the assets of the Trust[s]" and "carry out the terms of the Trusts . . . ." These conclusions were supported by several findings of fact detailing respondent's "animosity, hostility, disloyalty, and self-interest" toward petitioners, including his refusal to pay indebtedness due to

Anne, Paul, and Reba's Estate, his participation in "divisive and costly" litigation, his refusal to distribute the assets of the trusts more than five years following Reba's death, and his "artificial[] inflat[ion] [of] the principal of the Trusts by including . . . baseless claims [against petitioners] as Trust assets [and] adding eight percent (8%) annually, thereby paying himself improper commissions on the principal of the Trusts each year." The trial court's findings were supported by competent evidence introduced during the hearings, including testimony from respondent, who admitted that "there is a great deal of conflict between [him] and the other beneficiaries" and that he believes "there's a deep, a fundamental conflict of character between [his] brothers and sisters." Respondent further testified that he had no intention of distributing money to petitioners until he had been reimbursed for his participation in the lawsuits, and he admitted to physically assaulting Anne, attempting to strike Paul, informing Anne's employer that she had filed incompetency litigation against her mother, and informing the Georgia State Bar of Joseph's alleged misdeeds.

After reviewing the record in this case, we conclude that sufficient evidence supports the trial court's findings of fact, and its findings of fact support its conclusions of law. Although respondent introduced several properly filed accountings and offered explanations for his decisions while serving as trustee, it is clear from a reading of the record that much of respondent's actions and inactions were beyond the bounds of reasonable judgment and uncharacteristic of a trustee demonstrating complete loyalty to the trust beneficiaries. As the trial court noted, "when the wills and trust documents are read the primary an[d] overriding purpose of these trusts was for the distribution of the fruits of [Jerry and Reba's] labor . . . to be distributed to their four children equally[.]" However, due to his "contempt" for petitioners, respondent has failed to "exercise that type of unbridled loyalty" due to the beneficiaries of the trusts, and he has thereby prevented the distribution of the trusts' assets more than six years after Reba's death. Therefore, in light of the foregoing, we conclude that the trial court did not abuse its discretion by ordering that respondent be removed from serving as trustee of Jerry and Reba's trusts. Accordingly, we overrule respondent's final argument.

In light of the foregoing conclusions, we affirm the trial court orders removing respondent as trustee of the trusts, denying his motions to continue and dismiss the proceedings, and allowing the reclassification and consolidation of the actions.

Affirmed.

Chief Judge MARTIN and Judge WYNN concur.