IN RE: ESTATE OF DANIEL MURRILL RAND

No. COA06-868

(Filed 5 June 2007)

## 1. Rules of Civil Procedure— applicability—estate matters

The Rules of Civil Procedure applied in a an estate proceeding arising from the final accounting and the commission paid to the personal representative of an estate. The phrase "all actions and proceedings of a civil nature" in N.C.G.S. § 1A-1, Rule 1 is broad and encompasses different types of legal actions, not just those begun with a compliant. Moreover, the decision to impose Rule 11 sanctions was well within the Superior Court judge's authority and discretion.

## 2. Appeal and Error— assignment of error—to the matter underlying sanctions—appeal to superior court in that matter not timely—no Court of Appeals jurisdiction

An assignment of error was dismissed where the basis of the appeal was a Rule 11 sanctions order, but the assignment of error challenged an underlying reason for that order. The matter arose from an order closing an estate, appeal from that order was not timely, and the Court of Appeals lacked jurisdiction.

Appeal by respondents from order entered 29 March 2005 by Judge W. Allen Cobb, Jr., in Onslow County Superior Court. Heard in the Court of Appeals 20 February 2007.

*Gaylor, Edwards & Vatcher, by Jimmy F. Gaylor, for respondents-appellants.*

*White & Allen, P.A., by Thomas J. White, III, for petitioner-appellee.*

WYNN, Judge.

The North Carolina Rules of Civil Procedure apply to "all actions and proceedings of a civil nature."[1] Here, heirs to the Estate of Daniel

1. N.C. Gen. Stat. § 1A-1, Rule 1 (2005).

**IN RE ESTATE OF RAND**

[183 N.C. App. 661 (2007)]

Murrill Rand argue that their challenge to the administratrix's commission and accounting was not a civil action, such that the Rules should not apply. Because we find that an estate proceeding is a "proceeding of a civil nature," we uphold the trial court's determination that the Rules of Civil Procedure apply to this matter.

On 6 April 1999, Daniel Murrill Rand died intestate, leaving his wife, Respondent Linda Rand, and his seven daughters as the heirs to his estate. On 30 December 1999, Ms. Rand qualified as the personal representative of Mr. Rand's estate. Beginning in 2002, five of the daughters, including Melanie Rand Shepard, challenged Ms. Rand's handling of the estate regarding the commissions paid for her services as representative and the final accountings she submitted to the Clerk. A number of those appeals were filed after the time for doing so had expired, and all were adversely determined against the daughters in favor of the administratrix, Ms. Rand.

On 15 April 2004, Ms. Rand filed and had approved a final accounting of the estate. In response, Ms. Shepard and her sisters filed a motion and notice of appeal on 27 April 2004, requesting the court to review the Clerk's order and to conduct an accounting. On 20 October 2004, Ms. Rand filed a motion to dismiss the appeal and sought an order for sanctions and attorney's fees under Rule 11 of the North Carolina Rules of Civil Procedure. After a hearing, the trial court granted Ms. Rand's request and dismissed the appeal by Ms. Shepard and her sisters on 26 October 2004.

On 29 March 2005, the trial court issued an order imposing sanctions and attorney's fees on Ms. Shepard, her four sisters, and her attorney Jimmy F. Gaylor, under Rule 11(a) of the North Carolina Rules of Civil Procedure. In that order, the trial court noted that the 27 April 2004 appeal was "not well-grounded in fact nor was it warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," and that it was "signed and filed in violation of Rule 11(a), North Carolina Rules of Civil Procedure." The trial court stated that the appeal had not been timely filed and that a direct appeal does not lie to the Superior Court from the Clerk of Court to review or vacate an *ex parte* award of commissions and approval of final accounts. Moreover, the trial court found no abuse of discretion by the Clerk and that the pleading had not set forth any facts that would have served as the grounds for such a finding. The trial court concluded that Ms. Shepard, her sisters, and Mr. Gaylor should have known that the appeal was without merit and that the proceeding was not warranted by law.

Although the order found Ms. Shepard, her four sisters, and her attorney jointly and severally liable, only Ms. Shepard, through her attorney Mr. Gaylor, appeals the order of sanctions and attorney's fees. She argues that the trial court committed reversible error by (I) granting Rule 11 sanctions and attorney's fees, and (II) concluding as a matter of law that a direct appeal does not lie to the Superior Court from the Clerk of Court to review or vacate an *ex parte* award of commissions and approval of final accounts.

I.

**[1]** First, Ms. Shepard argues that the trial court committed reversible error by granting Rule 11 sanctions and attorney's fees, asserting that the North Carolina Rules of Civil Procedure do not apply in probate cases. We disagree.

The North Carolina Rules of Civil Procedure "govern the procedure . . . in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute." N.C. Gen. Stat. § 1A-1, Rule 1 (2005). In her brief to this Court, Ms. Shepard suggests that the phrase "all actions and proceedings of a civil nature" does not refer to estate proceedings because no complaint has been filed and, as such, there is no civil action.

Ms. Shepard cites to a number of cases in her brief which support the longstanding rule in North Carolina that the Clerk of Superior Court has original jurisdiction in an estate matter, while the Superior Court Judge has derivative jurisdiction. *See, e.g., In re Estate of Parrish*, 143 N.C. App. 244, 251, 547 S.E.2d 74, 78 (noting that the estate proceeding at issue "was not a civil action, but a proceeding concerning an estate matter, which was exclusively within the purview of the Clerk's jurisdiction, and over which the Superior Court retained appellate, not original, jurisdiction.") (citations omitted), *disc. review denied*, 354 N.C. 69, 553 S.E.2d 201 (2001); *In re Green*, 9 N.C. App. 326, 328, 176 S.E.2d 19, 20 (1970) (holding that the amount of a commission to be awarded to the personal representative "requires [the] exercise of judicial discretion and judgment by the clerk, who has original jurisdiction in the matter.").

Nevertheless, we find the phrase "all actions and proceedings of a civil nature" to be inclusive of, but not exclusive to, civil actions; the phrase is broad and encompasses different types of legal actions, not solely those initiated with a complaint. Indeed, Ms. Shepard recognizes that "no authority has been found to support [her] contention." We decline to create such authority now.

**IN RE ESTATE OF RAND**

[183 N.C. App. 661 (2007)]

Moreover, this Court has previously held that certain estate matters such as proceedings to remove a trustee are not subject to the Rules of Civil Procedure because the clerks in such matters "hear the matters before them summarily, and are responsible for determining questions of fact rather than providing judgment in favor of one party or the other." *In re Estate of Newton,* 173 N.C. App. 530, 537, 619 S.E.2d 571, 575, *disc. review denied,* 360 N.C. 176, 625 S.E.2d 786 (2005). However, in the instant case, it was a Superior Court judge who made the determination to impose Rule 11 sanctions and attorney's fees on Ms. Shepard, a decision well within his authority and discretion.

Accordingly, based on the plain language of Rule 1 of the North Carolina Rules of Civil Procedure, and the lack of any authority to suggest the Rules do not apply to estate proceedings, we find this assignment of error to be without merit.

II.

[2] Next, Ms. Shepard argues that the trial court committed reversible error in concluding as a matter of law that a direct appeal does not lie with the Superior Court from an *ex parte* order of commissions and approval of final accounts.

According to her own notice of appeal, the basis of Ms. Shepard's appeal to this Court is the 29 March 2005 order of Superior Court Judge W. Allen Cobb, Jr., imposing Rule 11 sanctions and attorney's fees on Ms. Shepard, her four sisters, and their attorney. This assignment of error, however, challenges a stated reason for the trial court's 26 October 2004 order dismissing their earlier appeal, filed 27 April 2004, namely, the lack of jurisdiction to review or vacate the *ex parte* order of commissions and approval of final accounts. Because Ms. Shepard did not timely file notice of appeal from that order, we are without jurisdiction to review its findings and conclusions. *See* N.C. R. App. P. 3(c). We note also that the trial court had other grounds for dismissing the appeal, as well as for imposing sanctions and attorney's fees. This assignment of error is without merit and dismissed.

Affirmed in part, dismissed in part.

Judges STEELMAN and JACKSON concur.