BRYANT, Judge, dissenting.
*49 The majority opinion reverses the superior court's order, which affirmed the Assistant Clerk of Court's (the "Clerk's") order, by determining that the Clerk's order contains findings that are not supported by the evidence and conclusions that are legally erroneous. Because the majority opinion functions to essentially reweigh the evidence, despite its many disclaimers to the contrary, and disregards the deferential standard of review on appeal, I respectfully dissent.
The decision to remove a trustee is "left to the discretion of the clerks of superior court," or, in [some] case[s] the trial court, [and this Court's] review is limited to determining whether the trial court [or clerk] abused its discretion. In re Estate of Newton, 173 N.C.App. 530, 539, 619 S.E.2d 571, 576 (2005) (emphasis added) (citing White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ). "Under this standard, we accord 'great deference' to the trial court, and its ruling may be reversed only upon a showing that its action was 'manifestly unsupported by reason' or 'so arbitrary that it could not have been the result of a reasoned decision.' " Id. (emphasis added) (quoting White, 312 N.C. at 777, 324 S.E.2d at 833 ); see also Smith v. Underwood, 336 N.C. 306, 306, 442 S.E.2d 322, 322 (1994) (reversing this Court and determining the trial court did not abuse its discretion by failing to remove a trustee).
In determining whether a clerk of superior court or a trial court abused its discretion in removing a trustee, this Court reviews the record in order to determine whether "sufficient evidence supports the trial court's findings of fact, and its findings of fact support its conclusions of law. " Newton, 173 N.C.App. at 540, 619 S.E.2d at 577 (emphasis added).
In reviewing the Clerk's decision to remove Mr. Skinner as guardian, this Court reviews "(1) whether the Assistant Clerk's findings of fact are supported by the evidence, and (2) whether those findings support the Assistant Clerk's conclusions and order. "
*454 In re Estate of Armfield, 113 N.C.App. 467, 469-70, 439 S.E.2d 216, 217 (1994) (emphasis added).[2]
*50 Furthermore, regardless of whether this Court is reviewing a Clerk's order removing a guardian or a trustee, "an appellate court, or a trial court engaged in the appellate review of an order of the clerk of court, may neither reweigh the evidence, nor disregard findings of fact when supported by competent evidence, even if the evidence would also support a contrary result." In re Estate of Van Lindley, No. COA06-1281, 2007 WL 2247269, *10, 2007 N.C.App. LEXIS 1731, *28-29 (2007) (unpublished) (citing Hearne v. Sherman, 350 N.C. 612, 620, 516 S.E.2d 864, 868 (1999) and Joyner v. Adams, 87 N.C.App. 570, 574, 361 S.E.2d 902, 904 (1987) ); see also Garrett v. Burris, 224 N.C.App. 32, 38, 735 S.E.2d 414, 418 (2012) ("It is not the function of this Court to reweigh the evidence on appeal.").
Mr. Skinner's removal as guardian of the estate and trustee is before this Court after a proceeding before the Clerk of Superior Court and an appeal heard before the superior court. The Clerk, after hearing evidence and arguments of counsel, made findings of fact and conclusions of law and removed Mr. Skinner as guardian of the estate and trustee. The superior court then affirmed the Clerk's order, and stated that
[a]fter hearing the arguments of counsel and reviewing portions of the Record on Appeal, including in detail, the [Clerk's] August 27, 2014 Order, the [superior] [c]ourt finds and concludes that the findings of fact in the August 27, 2014 Order are supported by the evidence, the conclusions of law are supported by the findings of fact, and the August 27, 2014 Order is consistent with the conclusions of law and applicable law.
[R. at 67].
We should not, at this stage-far-removed from the original fact-finder-"second-guess [both] the court's [and the Clerk's] reasoning and attempt to impose any differing opinion we may have; [the Clerk] was in a better position than we to assess" Mr. Skinner's credibility over four years of incompetency, guardianship, and removal proceedings involving both Cathy and Mr. Skinner. See Smith v. Underwood, 113 N.C.App. 45, 56-57, 437 S.E.2d 512, 518 (1993) (John, J., dissenting), rev'd by *51 336 N.C. 306, 442 S.E.2d 322 (1994) (per curiam) (reversing for the reasons stated in the dissenting opinion). Indeed,
[a] trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.
White, 312 N.C. at 777, 324 S.E.2d at 833 (emphasis added) (citation omitted).
In reversing the superior court's order, which affirmed the Clerk's order removing Mr. Skinner as trustee and guardian of the estate, the majority reaches the conclusion that the decisions of the fact-finder (the Clerk) and the superior court-to whom we accord great deference -were both "manifestly unsupported by reason. " See id. (emphasis added). The Clerk made findings of fact which were supported by competent evidence (with the exception of the Clerk's finding that funeral expenses are not permitted to be paid from the Trust, on which point I agree with the majority that the Clerk erred in making this finding), and those findings in turn supported his conclusion that Mr. Skinner "is unsuitable to continue serving as Trustee of the Trust and [GOE]." The Clerk subsequently removed Mr. Skinner as Trustee and GOE, and the superior affirmed this decision after "reviewing ... in detail, the [Clerk's] August 27, 2014 Order." With the *455 exception of the finding as to funeral expenses, the record contains sufficient, competent evidence to support the Clerk's findings of fact and conclusions of law. Thus, I cannot agree with the majority's conclusion that the orders of the Clerk and the superior court are both "manifestly unsupported by reason."
Ultimately, it does not matter that the majority considers that the implications of the Clerk's ruling (that Mr. Skinner breached his fiduciary duties pursuant to the terms of the Trust, based on, inter alia, his use of Trust assets to purchase a home in which he also lived, in contradiction with the terms of the Trust which require that Trust assets be used for Cathy's "sole benefit") would lead to an absurd result. This is not the standard. The standard is whether the Clerk's findings of fact are supported by the evidence, which findings in turn support the conclusions of law. See Armfield, 113 N.C.App. at 469-70, 439 S.E.2d at 217.
According the proper deference to the Clerk's findings, which support the determination that Mr. Skinner "is unsuitable to continue serving *52 as Trustee of the Trust and [GOE]," as well as to the discretionary decision to remove Mr. Skinner, I respectfully submit that the majority opinion erroneously reverses the trial court's order affirming the Clerk's order for abuse of discretion, where it has not been established "that its actions are manifestly unsupported by reason. " See White, 312 N.C. at 777, 324 S.E.2d at 833 (emphasis added) (internal citation omitted).
For the forgoing reasons, I respectfully dissent.

I note also that "[a] guardianship is a trust relation and in that trust relationship the guardian is a trustee who is governed by the same rules that govern other trustees." Armfield, 113 N.C.App. at 474, 439 S.E.2d at 220 (emphasis added) (citing Owen v. Hines, 227 N.C. 236, 41 S.E.2d 739 (1947) ) (affirming the removal of guardians of the estate). "Because respondents [guardians of the estate] are governed by the same rules that govern other trustees they are 'held to something stricter than the morals of the marketplace.' " Id. at 475, 439 S.E.2d at 220-21 (quoting Wachovia Bank & Trust Co. v. Johnston, 269 N.C. 701, 711, 153 S.E.2d 449, 457 (1967) ).